UNITED STATES, Appellee

v

PAUL G. BROOKS, Private, U. S. Marine Corps, Appellant

No. 27,358

March 22, 1974

*Captain T. O. Tottenham,* USMCR, argued the cause for Appellant, Accused.

*Lieutenant Mark D. Wigder,* USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel G. L. Bailey,* USMC.

### OPINION OF THE COURT

DUNCAN, Chief Judge:

The accused, convicted of larceny, is before this Court contending that he was denied his right to a speedy trial and that his guilty plea was improvident. Our disposition of the case requires that we consider only the speedy trial issue.

The offense, theft of various engine parts, allegedly occurred on March 2, 1972, and the accused was apprehended attempting to drive a privately owned vehicle from the base with the stolen items in its trunk. On March 3, 1972, he was given a preconfinement physical, retained in the hospital until March 7, and confined on that date at the correctional center. Counsel was made available on March 8, and charges were preferred on March 10. On March 29, the Provost Marshal completed his report on the incident, and the accused was released from pretrial confinement and restricted to the guard company area.

On April 4, the accused received non-

judicial punishment under Article 15, Uniform Code of Military Justice, 10 USC § 815, for failure to obey orders to check out a bus pass and to take a bus. On April 5, he was again placed in pretrial confinement. On April 12, the Naval Investigative Service report concerning the larceny was completed. On April 14, the Article 32 investigating officer was appointed and the investigation commenced on April 21. It was completed on April 26.

On April 28, at defense counsel's request, the accused was again released from pretrial confinement. On May 2, the Article 32 investigating officer completed his report. On May 5, the accused failed to repair to guard school and his guard relief, for which he received nonjudicial punishment on May 8. On May 11, accused again missed guard, broke restriction, and improperly operated a Honda motorcycle. He was returned to pretrial confinement.

On May 16, the Article 32 investigation report was forwarded to the officer exercising general court-martial jurisdiction. The necessary pretrial advice was submitted on June 8, and the charges were referred to trial on June 24. The trial was held on July 5.

The Government concedes that the accused spent approximately 100 days in pretrial confinement, but contends that the presumption of a violation of Article 10, UCMJ, 10 USC § 810, announced in United States v Burton, 21 USCMA 112, 44 CMR 166 (1971), is not applicable to this case. It argues the presumption's inapplicability on the basis that the accused was not in continuous pretrial confinement and that his return to confinement was on each occasion due to his own misconduct. But assuming the presumption to be applicable, the Government also contends that the complicated nature of the case justified the delay under the standards we laid down in United States v Marshall, 22 USCMA 431, 47 CMR 409 (1973).

We must reject the Government's rationale. Conceding, arguendo, that it was proper to reconfine the accused because of the minor offenses for which he received nonjudicial punishment, we are still left with the issue of the speedy disposition of the charges against him under the principles that were enunciated in Burton. In that case, as here, we are not concerned with the reasons for placing the accused in pretrial confinement. We were concerned with the totality of delay in the case of a confined accused and the need to have some reasonable basis on which to enforce the mandate of Article 10 that, when an individual is placed in arrest or confinement, "immediate steps shall be taken to . . . try him or to dismiss the charges and release him." Article 10, UCMJ, 10 USC § 810.

This Court had often been faced with records in which the accused was held for long periods of time in pretrial confinement as the result of dilatory action on the part of the Government. As it normally has control over the accused as well as the witnesses and the evidence in the case, little excuse can be found for the delays encountered. Thus, we determined to place a heavy burden of explanation on the Government, after 90 days' pretrial confinement elapsed, to rebut an otherwise operable presumption that the provisions of Article 10 had been violated. United States v Burton, supra. We know of no other way, nor has any been called to our attention, by which we can insure that the congressional mandate of speedy disposition of charges is satisfactorily executed.

■ Thus, as it is the period of confinement with which we are concerned and not the basis on which it was ordered, the fact that the detention was segmented or that reconfinement was justified is not material. To hold otherwise would mean that the Burton presumption would not apply in the case of a moderate offender like the accused whose release on occasion is deemed justifiable, but paradoxically the presumption would apply only to the serious offender whose continuous confinement is believed necessary. We see no reasonable distinction between the two. The intent of Burton is to get both tried within a 90-day period, absent an extraordinary reason for additional delay. United States v Marshall, supra.

Nor do we believe the dictum in

United States v O'Brien, 22 USCMA 557, 48 CMR 42 (1973), supports the Government's position. In that case, the accused was released from confinement and promptly absented himself without leave. He was later apprehended by civilian authorities and returned to military control. Of the period of confinement preceding his absence, we stated:

The Government cannot be held accountable for this period; it released the accused in good faith, pending disposition of the case against him, and he promptly absented himself without leave. We encourage the elimination of unnecessary confinement and applaud the Government's apparent desire to impose no further restriction on the accused's liberty than initially appeared necessary. At the same time, an accused who, once set free, immediately violates his responsibility by again absenting himself without leave is not blameless.

*Id.* at 561, 48 CMR at 46.

We adhere to the sentiments expressed in *O'Brien,* but they are not applicable here. There, the accused, in effect released on his own recognizance, promptly absented himself from military jurisdiction. Of necessity, therefore, the Government was unable to further process the charges against him until his return, nor should it be charged with responsibility for the delay that had thus far accrued. In the present case, however, the accused, despite his minor offenses, at no time absented himself from the Government's control, nor was there any reason to slow the pretrial processing of his case. In no sense did this accused contribute to the delay. Consequently, we are unable to agree with the Government that our statement in *O'Brien* governs the situation presented here.

■ Having determined that the *Burton* presumption is applicable, we turn to the Government's argument that the delay is satisfactorily explained. We find nothing to justify its contention that extraordinary circumstances were present here that justified the delay. While the charges involved the theft of numerous items of Government property, there is nothing in the record to establish that the case was of a convoluted nature. The Government's own brief concedes that the property was identified by stock number and value by March 6. The Provost Marshal's report was completed by March 29, and the Naval Investigative Services investigation by April 12. The Article 32 investigation was terminated on April 26, but not forwarded until May 16. The pretrial advice was not submitted until June 6, and the actual reference to trial did not occur until June 24, almost 3 weeks later.

These are not extraordinary circumstances that excuse delay in the trial of a confined accused. United States v Marshall, supra. Rather, they appear to be unwarranted lapses on the part of the Government after completion of the Article 32 which tend to defy reasonable explanation. It apparently took 3 weeks to prepare and submit to the convening authority a 6-page pretrial advice and a further 2 weeks to accomplish the formal reference for trial. Such delays are exemplary of the reasons that led to the *Burton* rule rather than a fulfillment of the Government's burden.

For the reasons stated, we conclude that the Government has not carried its heavy burden of explaining the delay beyond 90 days in trying the accused. He is accordingly entitled to the relief that he claims.

The decision of the U.S. Navy Court of Military Review is reversed. The findings of guilty and sentence are set aside and the charge and its specification are ordered dismissed.

Judge QUINN and Senior Judge FERGUSON concur.